United States District Court
Southern District of Texas

**ENTERED**

October 16, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH DOWNUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00169 |
| | § | |
| RICHARD KIRKPATRICK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE FOR FAILURE TO PROSECUTE

Plaintiff Christopher Joseph Downum, proceeding *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. At the time he filed this action, he was confined as a pretrial detainee at the Aransas County Detention Center ("ACDC") in Rockport, Texas. (D.E. 1). On the envelope containing the Original Complaint, Plaintiff listed his address at the ACDC and requested that copies of documents in this case be sent to: Debra Hostotter, 715 North Westgate Drive, Lot 96, Weslaco, Texas 78596. (D.E. 1, pg. 16).

On July 28 2023, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (D.E. 7). As part of this Order, the undersigned set forth that:

> The plaintiff must notify the Court of any change of address by filing a
> written notice of change of address with the Clerk. Failure to file such notice
> may result in this case being dismissed for want of prosecution.

(Id., ¶ 10).

On July 31, 2023, the undersigned issued an Order striking Plaintiff's original complaint and directing Plaintiff to file an amended complaint by August 28, 2023. (D.E. 9). In the July 31 Order, the undersigned noted that Plaintiff had been taken into the custody of the Texas Department of Criminal Justice ("TDCJ") and was housed at the Byrd Unit in Huntsville, Texas. (*Id.* at 1). All recent mail the Court has sent to Plaintiff has been returned, including the July 31, 2023 Order sent to Plaintiff at the Byrd Unit address. (D.E.s 10, 12 & 13).

The Clerk of Court, however, did not note Plaintiff's Weslaco address as requested by Plaintiff when he filed his original complaint. Accordingly, the undersigned entered an Order on September 13, 2023, directing the Clerk of Court "to send copies of this Order, the July 28 Order (D.E. 7), and the July 31 Order (D.E. 9) by certified mail to Plaintiff at the following address: Christopher Joseph Downum c/o Debra Hostotter, 715 North Westgate Drive, Lot 96, Weslaco, Texas 78596." (D.E. 14, p. 2). The undersigned noted in the September 13 Order that it could not locate Plaintiff on the TDCJ inmate public search website. (*Id.* at 2).

The undersigned further ordered Plaintiff in the September 13 Order to show cause on or before October 13, 2023, why this action should not be dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b). (D.E. 14). The undersigned instructed Plaintiff that he would comply with the September 13 Order "by filing a notice of his current mailing address **AND** his Amended Complaint in response to every question or directive posed to him in the July 31 Order." (*Id.*) (emphasis in original). Plaintiff was

2 / 4

warned that his failure to comply with the September 13 Order would result in the undersigned recommending dismissal of this action.  (*Id.*).

The bundle of orders – including the September 13 Order – mailed to Plaintiff's listed Weslaco address on September 13 was returned as undeliverable.  (D.E. 16).  A note from Ms. Hostotter attached to the returned mail indicated that she no longer knows where Plaintiff is located or how to contact him.  (*Id.* at 1).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order.  Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).  To date, Plaintiff has not responded to either the July 31 Order or the September 13 Order.  Plaintiff has failed to comply with these court orders and submit the requested information.  He has been previously advised that this action may be dismissed for want of prosecution if he fails to update the Court with his current address or otherwise to comply with court orders.  The Court cannot locate Plaintiff currently on the TCDJ inmate public search website, and Ms. Hostotter's recent note to the Court reflects that Plaintiff's current location is unknown.  Therefore, it appears that Plaintiff has abandoned this case by not filing a notice of change of address.  Dismissal is therefore warranted under these circumstances.

Accordingly, the undersigned respectfully recommends that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on October 16, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).